

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-19-00226-CV**

**ALLIANCE AUTO AUCTION OF DALLAS, INC.,**
                                                            **Appellant**
 **v.**

**LONE STAR CLEBURNE AUTOPLEX, INC.,**
                                                            **Appellee**

**From the 18th District Court**
**Johnson County, Texas**
**Trial Court No. DC-C201900316**

**MEMORANDUM OPINION**

Lone Star Cleburne Autoplex, Inc. and Alliance Auto Auction of Dallas, Inc. filed a "Joint Motion for Dismissal with Prejudice." The parties have fully and finally resolved all claims in this case asserted by Lone Star against Alliance and jointly request that the Court dismiss all claims by Lone Star against Alliance with prejudice and with each of the parties bearing its own attorney's fees, expenses, and costs.

While we have no authority to simply dismiss the suit in the trial court, *see* TEX. R. APP. P. 43.2, we have the authority to vacate the trial court's judgment and dismiss the

case by agreement of the parties.  *See* TEX. R. APP. P. 42.1 (a) (2) (A); 43.2 (e); *Young Materials Corp. v. Smith*, 4 S.W.3d 84 (Tex. App.—Waco 1999, no pet.).

Accordingly, the parties' "Joint Motion for Dismissal with Prejudice," filed on April 2, 2024, is granted to the extent authorized.  The trial court's "Order Denying Motion to Compel Arbitration and Stay Case Filed by Defendant Alliance Auto Auction of Dallas, Inc.," filed on July 2, 2019 is vacated, and the case is dismissed with prejudice. *See id.*  Further, pursuant to the parties' agreement, all costs, expenses, and attorney's fees are ordered taxed against the party incurring same.  *See* TEX. R. APP. P. 42.1(a)(1), (d).

Because the Court was unable to grant the entirety of the parties' motion, the Court has endeavored to implement the substance of the parties' agreed motion to achieve the same result.  If the parties determine that the judgment of the Court does not accomplish the parties' intended result, a timely motion for rehearing must be filed which addresses the manner in which the Court can implement the agreement of the parties within the limitations of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 42.1; 43.2; 49.1.

TOM GRAY
Chief Justice



Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Motion granted
Vacated and case dismissed with prejudice
Opinion delivered and filed April 11, 2024
[CV06]